# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CHARLES RANDALL, | Civil No. 17-2115 (JRT/DTS) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION** |
| STEVEN TERNER MNUCHIN, | |
| Defendant. | |

Charles Randall, 7423 Frontier Trail, Chanhassen, MN 55317, *pro se* plaintiff.

Steven Terner Mnuchin, defendant.

Charles Randall brought this action against Steven Mnuchin seeking garnishment of Mnuchin's salary in the amount of $24,051.00 to compensate Randall for tax withholdings. (Compl. at 4, June 19, 2017, Docket No. 1.) When Mnuchin did not enter an appearance within 90 days of Randall's filing, the Magistrate Judge directed Randall to do one of the following: (1) notify defense counsel immediately that he/she is required to make an appearance or move for an extension of time to do so; (2) file an application for entry of default unless the required pleading was filed within 10 days; or (3) advise the Court in writing of any good cause to the contrary. (Magistrate Judge Order, Sept. 20, 2017, Docket No. 25.) When Randall did not take any of those actions, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Court dismiss the case without prejudice. (R&R, Sept. 29, 2017, Docket No. 33.)

Now before the Court is the R&R, as well as numerous filings by Randall alleging "refusal for cause." (*See* Docket Nos. 34, 36, 38, 39, 40, 44, 45, 47, 51, 53.) The Court has reviewed these filings and finds that only one of them relates to the R&R. In that filing, Randall submitted a copy of the R&R with the words "Refusal For Cause" written across it and alleged that he has "not consented to any Magistrate dispositions of this case." (Refusal for Cause at 1 & Ex. 1, Oct. 4, 2017, Docket. No. 38.) None of the filings indicate that Randall has complied with the Magistrate Judge's order, and Randall has not formally filed any objections to the R&R. Because the Court will find that the Magistrate Judge's recommendation is appropriate, it will adopt the R&R in full.

## DISCUSSION

### I.   STANDARD OF REVIEW

Under the Federal Magistrate Judges Act, a magistrate judge may "hear and determine any pretrial matter pending before the court," with a few exceptions that are not relevant here. 28 U.S.C. § 636(b)(1)(A); *accord* D. Minn. LR 72.1(a)(2). While a magistrate judge does not have the authority to decide dispositive issues, except where the parties consent, he or she does have the authority to propose findings and recommendations in the form of an R&R on dispositive issues. *See* 28 U.S.C. § 636(b)(1)(B)-(C); *accord* D. Minn. LR 72.2(b). The R&R must then be reviewed by the district judge, who may accept, reject, or modify the recommendation. 28 U.S.C. § 636(b)(1)(C); *accord* D. Minn. LR. 72.2(b).

A party may file "specific written objections" to the R&R. Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). A party's objections "should specify the portions of the magistrate judge's [R&R] to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958 (JRT/RLE), 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive issues, the Court reviews *de novo* a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

## II.   RANDALL'S OBJECTION TO THE R&R

Randall did not formally object to the R&R; however, Docket No. 38 alleges that he has not consented to disposition of the case by the Magistrate Judge, thus the Court will construe this document as an objection. Although Randall's objection was not properly filed, it specifically objects to the Magistrate Judge's authority, is not an argument that the Magistrate Judge specifically considered in issuing the R&R. Thus the Court will review the R&R de novo.

When the Magistrate Judge issued the initial order directing Randall to prosecute the case, he was exercising his authority under federal law to determine pretrial matters. *See* 28 U.S.C. § 636(b)(1)(A). Randall need not consent to the Magistrate Judge's

authority, because such authority is prescribed by federal law. Furthermore, the order was not a disposition. Thus Randall's objection fails as to the underlying order.

Randall's objection to "dispositions" by the Magistrate Judge does not apply to the R&R, because the R&R is not a disposition. The Court now has the authority to accept, reject, or modify the R&R. *See* 28 U.S.C. § 636(b)(1)(C). The Court, not the Magistrate Judge, will issue the disposition. As such, Randall's objection fails as to the R&R.

In his order, the Magistrate Judge correctly noted that the Court has the power to dismiss a case for lack of prosecution. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Because Randall did not respond to the Magistrate Judge's order, thus further failing to prosecute his case, the Court finds that the Magistrate Judge's recommendation to dismiss the case without prejudice for failure to prosecute is appropriate.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, Plaintiff's Objection to the R&R [Docket No. 38] is **OVERRULED in full** and the Magistrate Judge's Report and Recommendation [Docket No. 33] is **ADOPTED in full**.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Complaint [Docket No. 1] is summarily **DISMISSED without prejudice for failure to prosecute**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: November 21, 2017              _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                    JOHN R. TUNHEIM
                                               Chief Judge
                                         United States District Court